IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY BLANEY, 1519297, § | |
| Petitioner, § | |
| § | 3:11-CV-1013-L |
| v. § | |
| § | |
| RICK THALER, Director, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**I. PROCEDURAL BACKGROUND**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division.

On July 18, 2008, Petitioner was found guilty of aggravated sexual assault of a child. *State of Texas v. Jerry Blaney*, No. F-0500065-P (203rd Jud. Dist. Ct., Dallas County, Tex., July 18, 2008). Petitioner was sentenced to life in prison. On January 12, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Blaney v. State*, No. 05-08-1049-CR (Tex. App. – Dallas, no pet.). Petitioner did not file a petition for discretionary review. (Resp. Ex. A). He also did not file a proper state habeas petition.[1]

---

[1] In 2009 and 2010, Petitioner filed motions for leave to file an original application for writ of habeas corpus in the Texas Court of Criminal Appeals. *Ex parte Blaney*, Nos. 72,873-01 and -02. The Court of Criminal Appeals denied these motions for leave to file. Petitioner did not file a state habeas petition under TEX. CODE of CRIM. PROC. 11.07, which is properly filed

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

## II.  EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  This entails submitting the factual and legal basis of any claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or a proper application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a petition for discretionary review, and he did not file a proper state habeas application.  He has therefore not presented his claims to the Texas Court of Criminal Appeals.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record.  *See Rose v. Lundy,* 455 U.S. 509,  518-19 (1982).

## III.  RECOMMENDATION

with the trial court.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**		Page -2-

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 24th day of January, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).