**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY BLANEY, 1519297,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-1013-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| | § | |
| Respondent. | § | |

<u>**ORDER**</u>

Before the court is Jerry Blaney's Petition for Writ of Habeas Corpus, filed April 4, 2011, pursuant to 28 U.S.C. § 2254.  The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 24, 2012, recommending that Blaney's habeas petition be denied and the action dismissed without prejudice for failure to exhaust state court remedies.  No objections to the Report were filed.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court **denies** Jerry Blaney's Petition for Writ of Habeas Corpus, and **dismisses** this action **without prejudice** for failure to exhaust state court remedies.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[*]   The court determines that Petitioner has failed to

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

in its procedural ruling."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).   In support of this

determination, the court accepts and incorporates by reference the magistrate judge's report filed in

this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status

by the district court.

     **It is so ordered** this 16th day of February, 2012.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**